The Honorable Janet Reno State Attorney Metropolitan Dade County Justice Building 1351 N.W. 12th Street Miami, Florida 33125
Dear Ms. Reno:
This is in response to your request, in your capacity as State Attorney for the Eleventh Judicial Circuit, for an opinion on substantially the following question:
 DO THE FLORIDA STATUTES ALLOW REIMBURSEMENT OF TRAVEL EXPENSES INCURRED BY AN ASSISTANT STATE ATTORNEY ORDERED BACK TO WORK FROM AN OUT-OF-STATE VACATION?
Your letter of inquiry notes that one of your assistants was on vacation in North Carolina when he was ordered to return to Miami, which is his headquarters city (see, s. 112.061[4], F.S. and Rule 3A-40.14, F.A.C.) to handle a hearing for the State Attorney's Office. The police department had assigned the highest priority to the case and had specifically requested that that assistant state attorney represent the state at the hearing.
Your letter states that the Comptroller's Office has refused reimbursement for the above-described travel on the basis that this employee is headquartered in Miami and therefore is not eligible for travel expenses from elsewhere, while on leave, to Miami and return. For the following reasons, it is my opinion that your question should be answered in the negative.
Section 27.271(1), F.S., provides: "Each state attorney and assistant state attorney shall be entitled to receive per diem and mileage as provided in s. 112.061, for travel on official business within or outside the state." (e.s.) Moreover, subsection (2) of s. 27.271, F.S., expressly provides:
 This section shall not be construed to allow mileage or per diem for travel by any . . . assistant state attorney between his home and the courthouse designated as the travel headquarters of said . . . assistant state attorney or for time spent at the county seat of the county in which he resides. (e.s.)
Section 112.061, F.S., provides for "uniform maximum rates" applicable to all public officers and employees. Section112.061(1)(a), F.S. Subsection (3)(b) of s. 112.061 additionally provides "[t]raveling expenses of travelers shall be limited to those expenses necessarily incurred by them in the performance of a public purpose authorized by law to be performed by the agency and must be within the limitations prescribed by this section." (e.s.)
Section 112.061, F.S., does not contemplate reimbursement of the travel expenses described in your inquiry. Rather, travel expenses are reimbursable when the traveler is away from his official headquarters and on official business. See, ss. 112.061(6)(a) (per diem and subsistance allowance for those traveling within or outside the state in order to conduct bona fide state business);112.061(2)(k) and (l); 112.061(4), F.S. (official headquarters). This office has consistently interpreted s. 112.061 to authorize reimbursement for travel expenses incurred only for travel away from the traveler's official headquarters. See, AGO's 86-1; 83-37; 82-34; 78-84; 77-123; 77-117; 76-56; 76-46; 75-275; 75-237; 74-132; 72-386.
As a general rule, unless the Legislature has expressly and explicitly included in the expenses to be allowed public officers the cost of travel from their homes to the places where their regular duties are to be performed, such expenses are not a legitimate public charge. See, AGO 64-21; 67 C.J.S. Officers s. 225, p. 719. Numerous Attorney General Opinions have relied upon that rule to disallow travel expenses to public officers and employees for travel from home to official headquarters. Biennial Report of the Attorney General, 1949-50, AGO 49-93, p. 32; AGO's 72-248 (construing s. 27.271[2] and concluding that a state attorney is not entitled to mileage or per diem for travel between his home and the courthouse); 82-34; 78-84; 75-237; 74-132; 72-386. There is no real distinction between the travel described in your inquiry and a trip from one's home (or any other site where one is not engaged in official business) to the headquarters city. See, AGO 82-34.
In summary, it is my opinion, in view of the express provisions of s. 27.271, F.S., and s. 112.061, F.S., as consistently interpreted by this office, and the rule against reimbursement for travel from home to headquarters, and since the situs of an employee's vacation is the functional equivalent of his home, for purposes of s. 112.061, that reimbursement for an employee's travel from the site of an out-of-state vacation to his official headquarters would not be authorized by s. 112.061, F.S.
Sincerely,
Jim Smith Attorney General
Prepared by:
Anne Curtis Terry Assistant Attorney General